UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>ACCENTURE LLP HEALTH CARE PLAN,<br><br>        Defendant. | Case No. 25-cv-10876-AGT<br><br>**ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Re: Dkt. No. 2 |

For the reasons identified below, Plaintiff's motion to proceed under a pseudonym, dkt. 2, is granted subject to reconsideration when the defendant appears in this action.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alteration in original) (cleaned up). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d at 1068).

One such special circumstance is where a plaintiff seeks to "preserve privacy in a

matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (cleaned up). For example, plaintiffs in the Ninth Circuit have been granted anonymity when their claims involved "information regarding [a minor person's] disabilities, education, disciplinary history, and contact with police," *Z.M. v. Kern High Sch. Dist.*, No. 24-CV-01273, 2024 WL 4701035, at *2 (E.D. Cal. Oct. 30, 2024), or when the plaintiff-parents sought anonymity to protect the identities of their minor, transgender children. *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 23-CV-05736, 2023 WL 7017765, at *1–2 (W.D. Wash. Oct. 25, 2023).

Plaintiff in this case is the parent of a minor child. Dkt. 2 at 1. He seeks to proceed under a pseudonym as he sues to recover health benefits for his child's residential treatment for mental illness. *Id.* These allegations render the matter sensitive and highly personal in nature. *See Advanced Textile*, 214 F.3d at 1068.

Additionally, Federal Rule of Civil Procedure 5.2(a)(3) requires the use of initials for minors referenced in court filings. Plaintiff represents that identification of the parent would result in identification of the minor child and so, in order to comply with Rule 5.2's mandates, he too needs a pseudonym. Dkt. 2 at 2. Anonymity is therefore appropriate.

"[P]rejudice against [the d]efendant[ ] is low given that the action is in the pre-discovery stage and the Court can manage the pretrial proceedings to mitigate problems that anonymity may raise." *Doe v. Steele*, No. 20-CV-1818, 2020 WL 6712214, at *4 (S.D. Cal. Nov. 16, 2020).

Finally, "the public interest in knowing the parties' identities is not threatened where, as here, there is nothing about the Plaintiff's identity which makes it critical to the working of justice and the basic facts of the case will be on public record." *B.M. v. Wyndham Hotels*

*& Resorts, Inc.*, No. 20-CV-00656, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (cleaned up).

Accordingly, Plaintiff's motion to proceed by a pseudonym is granted, subject to reconsideration once the defendant has appeared in this action.

This order dispenses with dkt. 2.

**IT IS SO ORDERED.**

Dated: December 22, 2025

Alex G. Tse
United States Magistrate Judge